**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TIAWANDA MOORE, | |
| Plaintiff, | |
| | No. 12 C 238 |
| v. | |
| | Judge Matthew F. Kennelly |
| CITY OF CHICAGO, Chicago Police Officers JASON WILSON, RICHARD PLOTKE and LUIS ALEJO, | Magistrate Judge Young B. Kim |
| Defendants. | |

**AMENDED COMPLAINT**

Plaintiff, TIAWANDA MOORE, through her attorneys, Smith, Johnson & Antholt LLC,

brings the following complaint against Defendants CITY OF CHICAGO and Chicago Police

Officers JASON WILSON, RICHARD PLOTKE and LUIS ALEJO:

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the

deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**JURISDICTION & VENUE**

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial

district, and the events giving rise to the claims occurred within this district.

**PARTIES**

4.      Plaintiff Tiawanda Moore is a twenty-one-year-old resident of Decatur, Georgia

and at the time of the incident was a resident of Chicago, Illinois.

5.      At all relevant times, Officer Jason Wilson, Sgt. Richard Plotke and Officer Luis Alejo (referred to collectively as "Defendant Officers" were sworn members of the Chicago Police Department, employed by Defendant City and acting under color of law and within the scope of their employment.

6.      Defendant City is a municipal corporation, duly incorporated under the laws of the State of Illinois, and the employer and principal of Defendant Officers at all relevant times.

## FACTS

7.      On approximately July 6, 2010, the police were called to Plaintiff's home in response to a previously reported domestic dispute.

8.      Defendant Officer Jason Wilson and his partner responded to the call.

9.      Ms. Moore's then-boyfriend allowed the officers into the home and Officer Wilson went upstairs to the bedroom where Ms. Moore was located to interview Ms. Moore.

10.       During his interview, Officer Wilson physically groped Ms. Moore's breasts and buttocks.

11.      Before leaving the bedroom, Officer Wilson wrote his home phone number on a piece of paper and told Ms. Moore to call him because they should "hook-up".

12.      Ms. Moore called the Chicago Police Department to report Officer Wilson's misconduct.

13.      At Chicago Police Department headquarters, Ms. Moore met with Lt. Richard Plotke and Officer Luis Alejo from the Internal Affairs Division ("IAD").

14.      Instead of investigating Ms. Moore's complaint and arresting Officer Wilson, IAD investigators worked to discourage Ms. Moore from filing the complaint.

Case: 1:12-cv-00238 Document #: 11 Filed: 02/07/12 Page 3 of 6 PageID #:22

15.     After Ms. Moore described the assault and inappropriate conduct by Officer Wilson, Defendants Plotke and Alejo sought to prevent Ms. Moore from proceeding with an official complaint against Officer Wilson.

16.     Ms. Moore asked that two new officers be assigned to help her file her complaint, Lt. Plotke refused to reassign new personnel.

17.     When Ms. Moore got up to leave the interview room, Lt. Plotke closed the door and told her to sit down and that she was not going anywhere.

18.     While under a reasonable suspicion that the officers had committed a crime, were about to commit a crime and were committing a crime against her, Ms. Moore recorded the conversation with Defendant Officers on her Blackberry telephone.

19.     During several minutes of recording, Defendants Plotke and Alejo attempted to convince Ms. Moore to the drop the complaint.

20.     When Defendants Plotke and Alejo suspected that Ms. Moore's Blackberry, which was sitting on the table between them, was recording their conversation they stopped the conversation and arrested her.

21.     Defendants Plotke and Alejo wrongfully arrested Ms. Moore and charged her with violating the Illinois Eavesdropping Statute. The statute, however, specifically exempts persons who record "under reasonable suspicion that another party to the conversation is committing, is about to commit … a criminal offense against the person … and there is reason to believe that evidence of the criminal offense may be obtained by the recording."  720 ILCS § 5/14-3.

22.     Defendants Plotke and Alejo knew that by stopping Ms. Moore from leaving the interview room and attempting to prevent her from filing a complaint against Officer Wilson

they were committing the crimes of unlawful restraint, official misconduct and were attempting

to commit the crime of obstruction of justice.

23.     As a result of the arrest, Ms. Moore spent over two weeks in Cook County Jail

and was forced to spend a year fighting the baseless criminal charge.

24.     On August 25, 2011, a jury in the Cook County Circuit Court found Ms. Moore

not guilty.

### COUNT I:  Fourth Amendment – Unreasonable Seizure

25.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

26.     As described in the preceding paragraphs, Defendant Wilson unreasonably seized

Plaintiff in violation of the Fourth Amendment of the United States Constitution.

27.     The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiff's Constitutional rights.

28.     As a result of Defendant's misconduct, Plaintiff suffered injuries including

emotional distress.

### COUNT II: Fourth Amendment – False Arrest

29.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

30.     As more fully described above, the Defendant Plotke and Alejo arrested Plaintiff

without a probable cause in violation of the Fourth Amendment of the United States

Constitution.

31.     The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiff's Constitutional rights.

32.     As a result of Defendants' misconduct, Plaintiff suffered injuries including emotional distress.

## COUNT III: First Amendment – Retaliation

33.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

34.     As more fully described above, Plaintiff was exercising her constitutional right to free speech when she made a complaint of misconduct against a public official, Chicago police officer Wilson.

35.     The Defendants Plotke and Alejo arrested Plaintiff in retaliation for seeking to file the complaint against Officer Wilson in violation of the First Amendment of the United States Constitution.

36.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's Constitutional rights.

37.     As a result of Defendants' misconduct, Plaintiff suffered injuries including emotional distress.

## COUNT IV: Illinois Malicious Prosecution

38.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39.     Defendant Officers Plotke and Alejo caused criminal proceedings against Plaintiff to be commenced and continued without probable cause for the crime charged.

40.     Defendant Officers Plotke and Alejo acted with malice and with willful and wanton disregard for the truth.

41.     Plaintiff was acquitted of the charge in a manner indicative of Plaintiff's innocence, which fully and finally terminated the case in Plaintiff's favor.

42.     As a result of Defendants' misconduct, Plaintiff suffered injuries including emotional distress.

43.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

44.     At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers.  Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding compensatory damages for the injuries that she has suffered, costs and reasonable attorneys' fees, and punitive damages against the Defendant Officers and all such other relief as this Court finds just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

RESPECTFULLY SUBMITTED,


_____/s/ Robert W. Johnson_____
Attorneys for Plaintiff

Robert W. Johnson
Amanda Antholt
Christopher R. Smith
James Baranyk
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
(312) 432-0400

6